No. 04-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 162N

SHIRLEY A. TURLEY,

      Plaintiff and Respondent,

   v.

U.S. BANCORP PIPER JAFFRAY, INC.,
and THOMAS J. O'NEILL, and JOHN DOES I through X,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow, Cause No. DV 2002-54
                The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

            Stanley T. Kaleczyc, Brand G. Boyar, Browning, Kaleczyc, Berry & Hoven,
            P.C., Helena, Montana; John S. Lutz, Fairfield and Woods, P.C., Denver,
            Colorado

      For Respondent:

            William P. Joyce, Joyce & Johnson, PLLP, Butte, Montana; Geralyn
            Driscoll, Driscoll & Allen, Butte, Montana

Submitted on Briefs:  April 20, 2005

Decided:  June 28, 2005

Filed:

_____
                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    U.S. Bancorp Piper Jaffray, Inc., ("Piper") appeals an Order of the District Court for the Second Judicial District, Silver Bow County. Defendant Thomas J. O'Neill is a former Piper employee and is not a party to this appeal. The District Court denied Piper's motion to compel arbitration of claims filed against Piper by Shirley A. Turley ("Turley"). We affirm.

¶3    This case is one of twenty-three different lawsuits filed by individual investors of Piper involving the alleged mismanagement of the investors' accounts in Piper's branch office in Butte. The facts behind this particular action are that Turley and her husband, Roy Turley, opened an investment account with Piper, Jaffray & Hopwood in 1986, with O'Neill serving as their investment advisor. The account agreement did not contain a provision regarding binding pre-dispute arbitration. In 1990, at her husband's urging, Turley opened an IRA account with O'Neill and Piper. The agreement in that account likewise did not contain an arbitration provision.

¶4    Roy Turley passed away in December 1995. In October 1996, Turley visited O'Neill at the Piper office in Butte in an effort to wrap up the affairs concerning her husband's

estate. The Turleys had maintained their account with Piper as a joint tenancy. O'Neill advised Turley that she needed to sign a form to place the account in her name, and he presented her with a PAT Plus Account Agreement which someone had already filled in with Turley's information. Turley signed and dated the form without reading it because she relied upon O'Neill to explain the significance of any forms he presented for her signature, and she believed she was simply transferring the account which she had held jointly with her husband into her name. O'Neill did not explain the significance or consequences of the arbitration provision. O'Neill later purchased and sold securities in this account without Turley's knowledge or authorization.

¶5      These facts and the issues arising from them are substantially identical to those presented in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 22, 326 Mont. 103, ¶ 22, 107 P.3d 465, ¶ 22, in which we held that a clause in a PAT Plus Account Agreement granting Piper broad discretion over an investor's holdings creates a fiduciary duty. That clause, in addition to an arbitration clause, was included in the pre-filled form which Turley signed when she attempted to transfer the account she had held jointly with her husband into her name. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the consequences of the arbitration clause prior to the formation of the contract, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶¶ 25, 28.

¶6      We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶7      We conclude that, in light of *Willems*, this case is clearly controlled by settled Montana law. Therefore, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Turley, that it breached that duty, and therefore, the pre-dispute arbitration provisions are unenforceable.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS